UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROCIO NAJERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) |
| | ) JURY DEMAND |
| INTEVA PRODUCTS, LLC and | ) |
| VALLEY TRUCKING CO., INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

1. Plaintiff Rocio Najera (hereinafter "Plaintiff" or "Ms. Najera") brings this lawsuit against Defendants Inteva Products, LLC (hereinafter "Inteva") and Valley Trucking Co., Inc. (hereinafter "Valley Trucking") seeking damages and declaratory relief for violations of the Family and Medical Leave Act, the Emergency Paid Sick Leave Act, and the Fair Labor Standards Act. In support of her claims, Plaintiff would show the following:

### NATURE OF ACTION

2. Ms. Najera is a former employee of Defendants. She was terminated from her employment on or about June 16, 2020 for requesting and taking leave from work related to diagnosis, treatment and recovery from Coronavirus.

3. Ms. Najera's claims arise under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (hereinafter "FMLA"), the Emergency Paid Sick Leave Act, 29 C.F.R. § 826.10, *et seq.* (hereinafter "EPSLA"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, (hereinafter "FLSA").

4.      She seeks back pay, lost benefits, liquidated damages, reinstatement or front pay in lieu of reinstatement, emotional distress and mental anguish damages, punitive damages, interest, and fees, including reasonable attorney's fees, expenses, and costs.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff's claims under the FMLA, FLSA and EPSLA pursuant to 28 U.S.C. § 1331 (Federal Question).

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202.

7.      Because a substantial part of the acts or omissions giving rise to Plaintiff's causes of action occurred in or around Cameron County, Texas, venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

8.      Rocio Najera is a resident of Cameron County, Texas.

9.      Defendant Inteva Products, LLC is a foreign limited liability company registered in the state of Texas.  Inteva operates a warehouse in Brownsville, Texas jointly with Valley Trucking.

10.     Defendant Valley Trucking is a domestic for-profit corporation registered in the state of Texas.  Valley Trucking operates a warehouse in Brownsville, Texas jointly with Inteva.

## STATEMENT OF FACTS

11.     Ms. Najera was employed by Defendants as a customer service representative at their warehouse located on 3501 Nafta Parkway in Brownsville, Texas from approximately May 2017 until her employment was terminated on or around June 16, 2020.

12. At all times relevant to this action, Defendants Inteva and Valley Trucking operated as a single integrated enterprise or joint employers of Plaintiff. Facts demonstrating Defendants' interrelatedness include, but are not limited to, the following:

   a. Plaintiff received instructions as to job responsibilities and assignments from managers and agents of both Inteva and Valley Trucking.

   b. Inteva and Valley Trucking had the authority to hire and fire Plaintiff.

   c. Inteva and Valley Trucking possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff, such as schedule and leave policies.

   d. The operations of Inteva and Valley Trucking were interrelated. Both companies jointly operated and conducted a joint shipping business out of the warehouse on 3501 Nafta Parkway in Brownsville, Texas where Plaintiff was employed.

   e. Defendants' operations at the 3501 Nafta Parkway warehouse were an integral part of Inteva's shipping, warehousing and logistics operations with its corresponding warehouse in Matamoros, Mexico.

   f. Plaintiff was paid by checks issued by Valley Trucking.

   g. Plaintiff's work for Inteva and Valley Trucking simultaneously benefited both companies.

13. Defendants' operations' gross annual volume of sales made or business done is at least, and for all times relevant to this action has been at least, $500,000.00.

14. Defendants' operations are and have been for all times relevant to this action an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. Defendants' operations are, and have been for all times relevant to this action, an enterprise that has employed more than two employees who handled and worked with goods and materials that have been moved in or produced for commerce.

16. Throughout her employment with Defendants, Plaintiff handled goods or materials that had been moved in or produced for commerce.

17. At all times relevant to this action Plaintiff was employed in an enterprise engaged in commerce within the meaning of 29 U.S.C. § 207(a).

18. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

19. On or around June 3, 2020, Ms. Najera was instructed by Defendants to take leave from work and obtain a test for Coronavirus.

20. On June 4, 2020, Ms. Najera asked her supervisors Jose Gomez and Raul Velazquez whether Defendants would provide support during her time out of work.

21. On June 16, 2020, after receiving a negative Coronavirus test, Ms. Najera requested time off from work to visit the doctor.  Ms. Najera informed her supervisor Jose Gomez that she continued to not feel well, despite the negative test result, and would therefore visit a doctor the next day

22. On June 17, 2020 Ms. Najera was advised by her health care provider not to return to work for an additional seven days and to take an additional Coronavirus test.  That same day, Ms. Najera emailed Jose Gomez that she had been advised to stay home by her doctor, described her symptoms, and stated that she had been given medication.

23.     On June 26, 2020, Ms. Najera emailed her supervisors Jose Gomez, Robert Baker, Luciano Acuna, and Javier Soriano that she had taken a Coronavirus test on June 25, 2020.  Ms. Najera again described her symptoms.  Later that day, Ms. Najera sent her new positive Coronavirus test results to Jose Gomez.

24.     In or around early July 2020, Ms. Najera received a letter from Valley Trucking stating that her employment was terminated.  The letter states that on June 16, 2020 Ms. Najera received "negative results and was instructed to return to work."  The letter states she "refused" to return to work.

25.     Ms. Najera was not paid for her leave necessitated by Coronavirus from approximately June 4, 2020 to her termination.

26.     Defendants failed to provide individualized notice to Ms. Najera of her rights to avail herself of protections under the FMLA.

27.     At all times relevant to this action, Ms. Najera had a serious health condition as that term is defined under the FMLA, 29 U.S.C. § 2611(11).

28.     Due to Ms. Najera's infection with Coronavirus and pre-existing conditions which may have worsened the impact of the Coronavirus infection, Ms. Najera required continuing treatment by a health care provider as that term is defined in 29. C.F.R. § 825.115.

29.     Ms. Najera experienced a period of incapacity of three or more consecutive, full calendar days that also involved treatment by a health care provider on more than one occasion and a regimen of continuing treatment by a health care provider that included prescription medication, diagnostic exams, and follow up appointments.

30.     Ms. Najera's absences from work on or around June 4, 2020 and the period following were due to her serious health condition.

31. Defendants were aware that Ms. Najera had a serious health condition and that her time off work was the result of the serious health condition.

32. Defendants terminated Ms. Najera's employment because she requested and took leave protected under the FMLA and the EPSLA.

33. At all times relevant to this action, Defendants knew that their actions and omissions set forth herein were prohibited by the FMLA, EPSLA, and FLSA or demonstrated reckless disregard for their compliance with said laws.

34. Defendants' actions were and are the direct and proximate causes of Ms. Najera's damages in this case.

35. As a result, Ms. Najera is entitled to an order making her whole, including an order awarding her back pay, lost benefits, liquidated damages, reinstatement or front pay in lieu of reinstatement, compensatory damages, punitive damages, interest, and fees, including reasonable attorney's fees, expenses, and costs.

### FIRST CAUSE OF ACTION - FMLA

36. Plaintiff hereby re-avers and incorporates by reference the allegations contained in paragraphs 1-35 above.

37. Plaintiff was an eligible employee as defined by 29 U.S.C. § 2611 of the FMLA because she worked for Defendants for at least 12 months and for at least 1,250 hours of service during the previous 12-month period before she took or requested FMLA leave and at the time that her employment was terminated.

38. Plaintiff had a serious health condition as that term is defined under the FMLA, 29 U.S.C. § 2611(11).

39. Defendants are employers within the meaning of 29 U.S.C. § 2611(4) of the FMLA in that Defendants employ and have employed 50 or more employees within 75 miles of Plaintiff's worksite for each working day during each of 20 or more calendar work weeks during the applicable time period, and are engaged in commerce or in an industry or activity affecting commerce.

40. Defendants interfered with, restrained, or denied Plaintiff's exercise or her attempts to exercise her rights protected under the FMLA, in violation of 29 U.S.C. § 2615(a)(1), by terminating her employment on or around June 16, 2020 for using FMLA-protected leave and for seeking protection under the FMLA.

41. Defendants retaliated against Plaintiff, in violation of 29 U.S.C. § 2615(a)(2), by terminating her employment on or around June 16, 2020 for using FMLA-protected leave and for seeking protection under the FMLA.

### SECOND CAUSE OF ACTION – EPSLA

42. Plaintiff hereby re-avers and incorporates by reference the allegations contained in paragraphs 1-41 above.

43. Plaintiff was entitled to paid sick leave under the EPSLA because she was advised by a health care provider to self-quarantine due to concerns related to COVID-19 or was experiencing symptoms of COVID-19 and seeking medical diagnosis from a health care provider. *See* 29 C.F.R. § 826.20(a)(1)(ii)-(iii).

44. Plaintiff requested paid sick leave due to qualifying reasons under the EPSLA.

45. Defendant Valley Trucking is a covered employer under the EPSLA as specified in 29 C.F.R. §826.40(a) because it employs fewer than 500 employees.

46.     Defendant Valley Trucking did not pay Plaintiff for 80 hours of eligible leave at her regular rate of pay, as required by the EPSLA.

47.     Defendant Valley Trucking violated the EPSLA, 29 C.F.R. §826.150, with respect to Plaintiff in the following and other respects:

  a.     Failing to pay Plaintiff for her leave due to qualifying reasons under the EPSLA; and

  b.     Discharging, disciplining, or discriminating against Plaintiff for seeking protection and paid leave under the EPSLA.

## THIRD CAUSE OF ACTION – FLSA

48.     Plaintiff hereby re-avers and incorporates by reference the allegations contained in paragraphs 1-47 above.

49.     By requesting leave under the EPSLA, Plaintiff engaged in protected activity under the FLSA. *See* 29 C.F.R. § 826.150(b)(2).

50.     Defendants retaliated against Plaintiff for engaging in protected activity by terminating her employment.

51.     Defendants' retaliation against Plaintiff for engaging in protected activity constitutes a violation of the FLSA within the meaning of 29 U.S.C. § 215(a). *See* Exhibit A, Consent to Sue Under the FLSA.

## JURY DEMAND

52.     Plaintiff requests trial by jury on all issues so triable.

## PRAYER AND SUMMARY OF RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court:

a. Award Plaintiff back pay and damages for lost wages, employment benefits, and other compensation lost from the date of termination;

b. Award Plaintiff liquidated damages equal to the amount of Plaintiff's lost wages, employment benefits, and other compensation lost from the date of termination;

c. Order Defendants to reinstate Plaintiff to her position of employment with Defendants at a pay rate commensurate with her continued employment from the date of termination to the date of such reinstatement; or award Plaintiff front pay in lieu of reinstatement;

d. Award Plaintiff compensatory damages for her past and future pecuniary and non-pecuniary losses;

e. Award Plaintiff punitive damages;

f. Award Plaintiff pre- and post-judgment interest, as provided by law;

g. Award Plaintiff her reasonable attorney's fees, costs, and expert witness fees; and

h. Grant Plaintiff such other and further relief as may be authorized by law and deemed appropriate by this Court.

Respectfully submitted,

*/s/ Nicole Bucheri*
Nicole Bucheri
State Bar No.: 24095388
S. Dist. N.:  2998398
TEXAS RIOGRANDE LEGAL AID, INC.
1206 E. Van Buren St.
Brownsville, Texas 78520
(956) 982-5540
(956) 541-1410/FAX
nbucheri@trla.org

Lead Attorney for Plaintiff

Kathryn J. Youker
State Bar No.: 24014928
S. Dist. N.: 33655
TEXAS RIOGRANDE LEGAL AID, INC.
1206 E. Van Buren St.
Brownsville, Texas 78520
(956) 982-5540
(956) 541-1410/FAX
kyouker@trla.org
Co-Counsel for Plaintiff